McCue, J.
The fire escape upon which the accident happened was no part of the premises rented by the defendant to the father of the deceased. It was erected for the use of all the occupants of the building, and although.intended, doubtless, to be resorted to only in case of fire, yet access to it was had from the rear window upon each floor.
No notice was given prohibiting its use in the ordinary way in which it was intended to be used, and the inmates of the building there had the right to presume that it was in proper repair and condition.
*431 The escape forming no part of the demised premises, we do not consider the rule of law as to repairs, as between landlord and tenant, applicable in the present case.
The structure was erected long after the building itself, and in obedience to the requirements of the statute. The statute made it a misdemeanor to neglect the erection of the escape after due notice, and imposed in addition a penalty of $500. The statute also made it the express duty of the owner to keep it in good repair and well painted.
The duty, therefore, of keeping it in repair did.not result from the relation of landlord and tenant, nor from any contract, express or implied, between the parties, but from the plain directions of the law; and we have thus presented the main question in the case, —Is this a mere police regulation creating an obligation on the part of the landlord to the public authorities, and to them alone ? This is the defendant’s position.
We think the deceased had the right to presume that the defendant had discharged the duty imposed upon her, and that the escape was at all times in such condition and repair that it was safe fco use in case of fire. If sufficiently strong for that purpose, it was equally so for the purpose and to the extent for which it was employed at the time of the accident.
There was a doorway in the floor of the escape, which was intended to cover and guard a passage-way to stairs leading to the sfcory below, and by successive stairs leading finally to the ground. The hinges which had originally held the door had long been broken, and at the time of the accident, the door was held in place by a wire and string, so that, while the door appeared to be secure in its place, its condition was really dangerous. When last seen, the deceased, a boy ten years of age, was sitting upon the sill of the window in the rear of the house, opening immediately upon *432 the escape, the floor of which was about eighteen inches only, below the level of the window.
The boy must have stepped from the window to the floor of the escape, and the door, which formed a part of the flooring, gave way with his weight, and he was precipitated to the story below, and died in a few hours from the injuries received by him in the fall.
The deceased made use of the escape, it is true, at an unusual time, to wit, when there was no fire; but it did not appear that the use of it was made in any unusual manner.
Upon these facts we are of opinion that the defendant was liable as having failed to discharge a legal duty, and in the proper discharge of which all the inmates of the building had an interest.
It is very clear that if the accident had occurred while the deceased was endeavoring to escape from the building in case of a fire, the defendant would have been liable; and this liability, we do not think, is at all affected by the fact that the accident occurred under the circumstances above detailed.
We regard this case as coming within the rule which holds a party responsible who maintains, upon his own premises, a structure dangerous to the public, without so guarding access and approach to it, as to prevent the occurrence of an accident without inexcusable carelessness on the part of the person injured. The authorities bearing upon this point are very fully discussed in the opinion of Judge Reynolds, in the case of Mullaney v. Spence, decided by the general term of this court in February, 1874 (15 Abb. Pr. N. S. 330).
The defendant, having failed to keep the escape in proper repair, is liable for injuries resulting therefrom.
We see no error in the instructions under which the cause was submitted to the jury, both on the question, of defendant’s negligence, and contributory negligence *433 on the part of the deceased, and we are of opinion that the verdict is fully warranted by the evidence.
The judgment should, therefore, be affirmed, with costs.
Reynolds, J., concurred.